## CHARLES S. BERNARD *vs.* THE MAYOR AND COUNCIL OF HOBOKEN.

1. Where a person recovers a judgment for salary for a certain period, and afterwards brings a suit for salary for a subsequent period, on the trial of the second cause, the defendants may show that the plaintiff was legally discharged from service before the commencement of the term for which he claimed salary and recovered in the first suit.

2. The first judgment is conclusive upon the facts, only so far as that case is concerned; it does not prevent the same facts being controverted in a second case founded upon a distinct cause of action.

3. Under the *indebitatus* count for services performed, if it appear that the plaintiff has been legally discharged from service, or that he has been engaged in other business, or has abandoned the service of the defendants, and has not performed the services for which he claims compensation, he cannot recover.

This cause was certified from the Hudson Circuit for the advisory opinion of this court. The material facts are nearly the same as in the case of Gear against the same defendants, *ante p.* 265. The points raised in this case, that were not raised in that, sufficiently appear in the opinion of the court.

Bernard v. City of Hoboken.

Argued at November Term, 1858, before the CHIEF JUS-TICE, and Justices OGDEN, VREDENBURGH and WHELPLEY.

*Zabriskie*, for plaintiff.

*I. W. Scudder*, for defendants.

The opinion of the court was delivered by

VREDENBURGH, J. This was an action brought by Bernard to recover his salary, as chief of police, from the 20th of June, 1856, to the 23d of June, 1857, at $600 per year. The plea was the general issue. He gave in evidence the ordinance of the city, made in June, 1855, creating a night police for two years; his appointment by the council as chief of police; his service as such till the 20th of January, 1856, his discharge then by the council; a payment to him of his salary from the 23d of June, 1855, until the 20th of January, 1856; a judgment, in January, in the Hudson circuit in his favor against the defendants for his salary from the 20th January, 1856, until the 20th of June in the same year.

There was also evidence in the case, *pro* and *con*, whether the plaintiff did, or did not, actually serve as such chief of police from the 20th of June, 1856, to the 20th of June, 1857.

The jury found for the defendants. The plaintiff applied for a rule to show cause, which was granted, and the case certified to this court for their opinion upon the following points:

*First.* Did the said judgment conclusively establish the fact that at the time for which salary was recovered in that suit, the plaintiff was chief of police, and estops the defendants from denying that fact.

Upon this point, it appears to me that the said judgment is conclusive upon those points, so far as that case was concerned, but not so far as the case under trial was concerned. That the defendants had a right, notwith-

Bernard v. City of Hoboken.

standing the first judgment, to controvert, in the second trial, whether or not the resolution of the 9th of January, 1856, disbanding the police force, was a lawful removal of the plaintiff from office. That that was a question of law not concluded as regarded other actions by the judgment in the first case; but that in the case on trial the defendants could contend, as a question of law, that the said resolution was a valid removal, and that consequently, from and after the 20th of June, 1856, the plaintiff was not *de jure* chief of police.

The *second* point certified is, whether, since the 20th of June, 1856, any matters were offered in evidence which, if believed by the jury, would authorize them to find that the plaintiff had been removed from, or abandoned or relinquished his office.

The defendants did prove, in the first place, the said resolution of discharge. If this was a legal removal, the defendants did show that from and after the 20th of June, 1856, the plaintiff was not in fact chief of police, and so not entitled to recover. The defendants did likewise show that, in the fall of 1856, the plaintiff said he was going to Kansas, and did in fact go west, and was absent a considerable time; that he made no reports after the 20th of June, 1856; that he was during this time a justice of the peace, and engaged in divers other matters; and the plaintiff showed very little, if any, actual service during that time as chief of police; from which the jury, I think, might have inferred that, from and after the 20th of June, 1856, the plaintiff had been removed from, or had abandoned or relinquished his office, so as to vacate the same.

All the other questions certified in this case have been decided in the case of Gear against the same defendants.

I am of opinion that the Circuit Court should be advised to discharge the rule to show cause, and to enter judgment on the verdict.

CITED in *People v. Green,* 46 *How. Pr.* 177.